UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| BRIAN EMCH, on behalf of himself and all others similarly situated, | : | Case No. 1:17-cv-00856 |
| | : | |
| Plaintiff, | | Judge Michael R. Barrett |
| | : | |
| v. | | |
| | : | |
| COMMUNITY INSURANCE COMPANY d/b/a ANTHEM BLUE CROSS AND BLUE SHIELD, | : | |
| | : | |
| Defendant. | | |

## OPINION AND ORDER

This matter is before the Court upon the Rule 12(b)(6) Motion for Failure to State a Claim Upon Which Relief Can Be Granted, or, in the alternative, Rule 12(f) Motion to Strike Plaintiff's Jury Demand, filed by Defendant Community Insurance Company d/b/a/ Anthem Blue Cross and Blue Shield ("Anthem"). (Doc. 22.) Plaintiff Brian Emch filed a Response in Opposition (Doc. 29), and Defendant filed a Reply (Doc. 30). For the reasons set forth below, Defendant's Motion will be **DENIED IN PART** and **GRANTED IN PART**.

### I. Background

Plaintiff brings the present action under section 502(a) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(a). (Doc. 1, ¶¶ 43-57.)

Plaintiff was a full-time employee of a business located in Cincinnati, Ohio and received health insurance through his employer. (*Id.*, ¶ 2.) The health insurance plan ("Plan") was issued by Defendant Anthem and subject to the provisions of ERISA. (*Id.*) Plaintiff's minor son, H.E., was also covered under the Plan. (*Id.*, ¶ 7.) H.E. struggles with

mental health issues and has been diagnosed with schizophrenia. (*Id.*, ¶ 19.) After three psychiatric hospitalizations over a period of two months in 2015, H.E. was admitted to a residential treatment center specializing in the therapeutic treatment of individuals with serious mental illnesses. (*Id.*, ¶¶ 19-20.) Plaintiff alleges, and Defendant has not disputed, that the services in question were medically necessary. (*Id.*, ¶¶ 10, 22.) After Plaintiff paid the residential treatment center $29,915.49 for services rendered to H.E., he sought coverage from Defendant. (*Id.*, ¶ 21.) Defendant denied Plaintiff's claims initially and on appeal, each time relying on an exclusion clause in the Plan. (*Id.*)

The Plan offers coverage for "Inpatient, Outpatient, and Physician Home Visits & Office Services for the diagnosis or treatment of Biologically Based Mental Illness services," and defines such illness as including "schizophrenia . . . as . . . defined in the most recent edition of the Diagnostic and Statistical Manual of Mental Disorders published by the American Psychiatric Association." (Doc. 1, Ex. A, at M-22.) However, the Plan stipulates that Defendant

> does not provide benefits for procedures, equipment, services, supplies or charges . . . for the following . . . Care provided or billed by residential treatment centers or facilities, unless those centers or facilities are required to be covered under state law. This includes but is not limited to individualized and intensive treatment in a residential facility, including observation and assessment by a Provider weekly or more frequently, an individualized program of rehabilitation, therapy, education, and recreational or social activites.

(*Id.* at M-53-55.)

Plaintiff alleges that because the Plan does not limit or exclude medical or surgical care coverage at skilled nursing or rehabilitation facilities in the way that it does for mental health care at residential treatment centers, the Plan violates Ohio Rev. Code § 3923.281 ("Ohio Parity Act"). (Doc. 1, ¶¶ 27-31.) Accordingly, Plaintiff alleges that because the Ohio

2

Parity Act is incorporated into the Plan through a "Conformity with Law" clause (Doc. 1, Ex. A, M-105), he is empowered to act under ERISA's civil enforcement provision. (Doc. 1, ¶¶ 45-46, 54-55.)

Defendant counters that Plaintiff attempts to circumvent the lack of an express private right of action in the Ohio Parity Act by improperly styling his claim under ERISA. (Doc. 22, PageID 213). Defendant asserts that Plaintiff fails to state a claim upon which relief can be granted. (*Id.*) In the alternative, Defendant asks that the Court grant its Motion to Strike Plaintiff's Jury Demand. (*Id.*)

## II. **Legal Standards**

### A. **Motion to Dismiss**

In deciding a Rule 12(b)(6) motion to dismiss, this Court must "construe the complaint in the light most favorable to the plaintiff, accept [the plaintiff's] allegations as true and draw all reasonable inferences in favor of the plaintiff." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (quoting *Directv, Inc. v Treesh*, 487 F.3d 471, 476 (6th Cir. 2007)). To avoid dismissal under Rule 12(b)(6), a plaintiff's complaint must contain "(1) 'enough facts to state a claim to relief that is plausible,' (2) more than 'a formulaic recitation of a cause of action's elements,' and (3) allegations that suggest a 'right to relief above a speculative level.'" *Tackett v. M&G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

### B. Motion to Strike Jury Demand

The Seventh Amendment of the United States Constitution holds that "[i]n suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved." U.S. Const. amend. VII. Federal Rule of Civil Procedure 39(a) stipulates that if a jury trial is demanded, it must be provided unless "the court, on motion or on its own, finds that on some or all of those issues there is no federal right to a jury trial." Fed. R. Civ. P. 39(a)(2). The court, in determining whether a party is entitled to a jury trial, should apply a two-part test consisting of "(1) a historical determination, which considers whether the modern statutory cause of action most nearly resembles historical actions in law or equity, and (2) an examination of the nature of the relief sought." *Bittinger v. Tecumseh Prods. Co.*, 123 F.3d 877, 882-83 (6th Cir. 1997) (citing *Chauffeurs, Teamsters and Helpers Local 391 v. Terry*, 494 U.S. 558, 565 (1990) (plurality opinion)); *see Golden v. Kelsey-Hayes Co.*, 73 F.3d 648, 659 (6th Cir. 1996) ("[t]he second inquiry [regarding the nature of relief sought] is more important").

### III. Analysis

### A. Motion to Dismiss

Defendant argues that Plaintiff's claims are barred because the Ohio Parity Act does not contain an express or implied private right of action. Defendant asserts that Plaintiff has failed to state a plausible claim for relief and does not possess standing. Plaintiff counters that his claim does not rest on a private right of action in the Ohio Parity Act, but rather the incorporation of the Ohio Parity Act into the Plan and the subsequent alleged violations of the Plan under ERISA. The fundamental question currently before

the Court on this Motion is whether the incorporation of the Ohio Parity Act's language into the Plan is sufficient to allow Plaintiff's suit to proceed with his claims.

There exists little by way of directly applicable precedent, but the Court looks to two Federal District Court cases—*Bushell v. Unitedhealth Grp., Inc.*, 17-cv-2021, 2018 U.S. Dist. LEXIS 51577 (S.D.N.Y. Mar. 27, 2018) and *A.F. ex rel. Legaard v. Providence Health Plan*, 35 F. Supp. 3d 1298 (D. Or. 2014)—for guidance. In both cases, the plaintiffs were pursuing causes of action against their health insurers for alleged violations of ERISA. Although those cases differed in the number and character of causes, plaintiffs in both argued, *inter alia*, that state mental health parity laws were incorporated into their respective health insurance plans, thus opening the door for them to sue under ERISA's civil enforcement provision. And while neither case is binding upon this Court, they are useful by way of comparative review.

In *Bushell*, the court noted the creativity of the plaintiff's argument, but ultimately dismissed her claim that incorporation of the state mental health parity law into an insurance plan allowed for relief under ERISA.[1] The court looked to *Astra USA v. Santa Clara County*, 563 U.S. 110 (2011), for the proposition that "the relevant contractual provision . . . is a milquetoast commitment 'simply incorporate[ing] statutory obligations and record[ing] the [defendant's] agreement to abide by them.'" *Bushell*, 2018 U.S. Dist. LEXIS 51577, at *11 (quoting *Astra*, 563 U.S. at 118). But two important distinctions set *Astra* apart from the present matter and necessitate a different type of analysis: (1) the plaintiff in that case was a third-party beneficiary of a contract between the federal government and private drug manufacturers; and (2) the plaintiff was attempting to use a

---

[1] Of note, the court in *Bushell* ruled that the plaintiff did allege a plausible violation of the Federal Parity Act, 29 U.S.C. 1185a, *et seq.*, for which she could pursue relief. 2018 U.S. Dist. LEXIS 51577, at *21.

state statute to overcome the lack of a federal right of action. These factors were meaningful in *Astra* partly because they formed a basis for incompatibility with a federal statutory regime. In the present matter, however, no such danger exists.[2] *Cf. Wigod v. Wells Fargo Bank*, N.A., 673 F.3d 547, 584 n.19 (7th Cir. 2012) (finding *Astra* to be limited to the third-party beneficiary context); *Appalachian Reg'l Healthcare v. Coventry Health & Life Ins. Co.*, No. 5:12-CV-114-KSF, 2014 WL 282632, at *2 (E.D. Ky. Jan. 24, 2014) (same).

Rather, this Court finds the reasoning in *Legaard* to be more compelling. The court in that case held that, because the state statutory provisions were incorporated as terms into the plaintiff's insurance plan, she had standing to enforce said provisions in an ERISA suit:

> It is a general principle of insurance law that all insurance plans include applicable requirements and restrictions imposed by state law. State law regulating insurance thus "enter[s] into and form[s] a part of all contracts of insurance to which [it is] applicable." When an insurance policy provision is "in conflict with, or repugnant to, statutory provisions which are applicable to the contract," the inconsistent insurance policy provisions are invalid "since contracts cannot change existing statutory laws." Moreover, when such a conflict exists, "the statutory requirements supersede the conflicting policy provisions and become part of the insurance policy itself."

*Legaard*, 35 F. Supp. 3d at 1304-05 (quoting *Couch on Insurance*) (internal citations omitted). The court went on to note that "if [the defendant's] argument were accepted and insurance companies could cover a mental health condition but exclude coverage for medically necessary services 'related to' that condition, the [state mental health parity law] would have little to no meaning." *Id.* at 1307.

---

[2] Additionally, the court in *Bushell* looked to an amicus brief filed by the New York State Department of Financial Services in another case asserting its view that the plaintiff's claim was barred. To date, this Court has not received any such brief from the Ohio Department of Insurance or any other relevant agency.

6

The relevant portion of the Ohio Parity Act requires that health insurance policies cover the "diagnosis and treatment of biologically based mental illnesses on the same terms and conditions as, and shall provide benefits no less extensive than, those provided under the policy of sickness and accident insurance for the treatment and diagnosis of all other physical diseases and disorders. . . ." Ohio Rev. Code Ann. § 3923.281(B). Plaintiff maintains that because this language is incorporated into the Plan by way of a clause in the Plan itself (Doc. 1, Ex. A, M-105), he may take action under ERISA "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan," 28 U.S.C. § 1132(a)(1)(B), or "to enjoin any act or practice which violates any provision of this title or the terms of the plan, or [] to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this title or the terms of the plan," 28 U.S.C. § 1132(a)(3). The Court agrees, and thus finds that Plaintiff has presented a plausible claim to relief. Defendant's Motion to Dismiss is **DENIED**.

### B. <u>Motion to Strike Jury Demand</u>

Plaintiff argues that Defendant's Motion to Strike is premature and does not satisfy the requisite legal standard. Defendant counters that the overwhelming weight of the case law, in addition to the ERISA iself, supports the notion that Plaintiff's claims are not of the kind generally afforded a jury trial.

The United States Court of Appeals for the Sixth Circuit has consistently held that claims under sections 502(a)(1)(B) & 502(a)(3) (29 U.S.C. §§ 1132(a)(1)(b) & 1132(a)(3)) are equitable in nature. *See Bittinger,* 123 F.3d at 883; *Bair v. General Motors Corp.*, 895 F.2d 1094, 1096 (6th Cir. 1990); *Daniel v. Eaton Corp.*, 839 F.2d 263, 268 (6th Cir.

1988); *Crews v. Central States, Southeast & Southwest Areas Pension Fund*, 788 F.2d 332, 338 (6th Cir. 1986). And although monetary damages can be a form of legal relief, "[a] court does not err in denying a jury trial where the monetary award sought is incidental to, or intertwined with, equitable relief." *Golden*, 73 F.3d at 661. Accordingly, Defendant's Motion to Strike is **GRANTED**.

IV. **Conclusion**

Based on the foregoing, it is hereby **ORDERED** that Defendant Community Insurance Company d/b/a Anthem Blue Cross Blue Shield's Motion (Doc. 22) is **DENIED IN PART** and **GRANTED IN PART**. Specifically, it is **ORDERED** that:

1. Defendant's Motion to Dismiss under Rule 12(b)(6) is **DENIED**.
2. Defendant's Motion to Strike under Rule 12(f) and in accordance with Rule 39(a) is **GRANTED**.

**IT IS SO ORDERED**.

_s/ Michael R. Barrett_____
Michael R. Barrett, Judge
United States District Court