UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| BRIAN EMCH, on behalf of himself and all others similarly situated, : | |
| : | Case No.: 1:17-cv-856 |
| Plaintiff, : | |
| : | Judge Michael R. Barrett |
| vs. : | |
| : | |
| COMMUNITY INSURANCE COMPANY d/b/a ANTHEM BLUE CROSS AND BLUE SHIELD, : | |
| : | |
| Defendant. : | |

## ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT AGREEMENT, SCHEDULING FINAL APPROVAL HEARING, AND DIRECTING NOTICE TO CLASS

This matter is before the Court on the motion of Plaintiff, Brian Emch, individually and as representative of the Class ("Plaintiff") for preliminary approval of the Class Action Settlement Agreement (the "Settlement Agreement") entered into between Plaintiff and Defendant Community Insurance Company ("Defendant" or "Community"). Plaintiff and Defendant are sometimes individually a "Party" and collectively the "Parties." Unless otherwise specified herein, all capitalized terms used in this Preliminary Order Approving Class Action Settlement ("Preliminary Approval Order") shall have the same meaning set forth in the Settlement Agreement. Based on the motion, the terms of the Settlement Agreement, the filings in this case, the arguments of counsel, and being fully advised, the Court hereby FINDS and ORDERS as follows:

1. <u>Class Members</u>. This Court finds that the requirements of Federal Rules of Civil Procedure ("Rule" or "Rules") 23(b)(3) having been satisfied, the following Class is conditionally certified for purposes of settlement:

> All persons who are covered under any policy, contract, or certificate of insurance beginning on or after December 20, 2011, that is delivered, issued for delivery, renewed, or used in the State of Ohio, by Community that provides coverage for biologically based mental illness but categorically excludes coverage for biologically based mental illness at residential treatment centers and were denied benefits because the policy, contract, or certificate of insurance excluded such coverage.

2. <u>Class Representatives and Class Counsel</u>. The Court hereby appoints Plaintiff as Class Representative and the law firms of Strauss Troy Co. LPA, and Jordan Lewis, P.A., as Class Counsel.

3. <u>Preliminary Approval</u>. The settlement set forth in the Settlement Agreement between the Parties is preliminarily approved as fair, reasonable, adequate, within the range of possible approval, and in the best interests of the Class, subject to a hearing for final approval as provided herein. The Court further preliminarily finds that the settlement provided for in the Settlement Agreement represents a fair, reasonable, and adequate settlement to the Class as a whole.  The proposed Settlement Agreement is sufficient to justify the issuance of notice of the settlement to the Class.

4. <u>Class Notice</u>. The Court approves the form and substance of the Notice of Class Action Settlement ("Class Notice"). The Class Notice is fair, reasonable, and adequate and the proposed form and method for notifying the Class of the settlements and their terms and conditions meet the requirements of Rule 23; constitute the best notice practicable under the circumstances of this case; and shall constitute due and sufficient notice to all persons and entities entitled to notice. In accordance with the Settlement Agreement, Class Counsel shall cause the Class Notice to be delivered to the

Class Members within ten (10) of the entry of this Order by disseminating the Class Notice through the methods specified in section 5.03 of the Settlement Agreement.

5. <u>Exclusions</u>. Any Class Member who elects to "opt out" of the Settlement Agreement and be excluded from this case, the Class, and the terms of the Settlement Agreement must submit an exclusion request to Class Counsel by letter postmarked on or before a date to be agreed upon by the Parties and included in the Notice. To be effective, the exclusion request must provide all of the information identified in the Notice. All Class Members who timely submit an exclusion request shall be excluded from the settlement, shall have no rights with respect to the settlement and no interest in the settlement proceeds, and shall not be bound by the terms of the Settlement Agreement. All Class Members who do not timely submit an exclusion request shall be included in the settlement if finally approved by this Court, shall be bound by the judgment of this Court, and shall be bound by the terms of the Settlement Agreement.

6. <u>Objections</u>. Any member of the Class who intends to object to this settlement must submit a written Objection to Class Counsel at the address noted on the Class Notice with a postmarked date on or before a date to be agreed upon by the Parties and included in the Notice. To be considered, the Objection must state: the Class Member's name, address, telephone number, signature, and reasons for objecting to the settlement. Any member of the Class who does not timely submit an Objection in this manner will be treated as not having filed a valid Objection and be deemed to have waived all objections. No member of the Class will be permitted to raise any objections at the Final Fairness Hearing that the Class Member did not raise in an Objection.

7. <u>Entry of Appearance</u>. Any member of the Class who properly objects to the approval of the settlement may appear and be heard at the Final Fairness Hearing.

3

8. <u>Final Approval</u>. The Court shall conduct a Final Fairness Hearing regarding the proposed settlement (the "Final Fairness Hearing") on **July 27, 2021 at 10:30 a.m.** (EST) at the Potter Stewart U.S. Courthouse, 100 East Fifth Street, Courtroom 109, Cincinnati, Ohio 45202. At the Final Fairness Hearing, the Court will consider whether the proposed settlement is fair, reasonable, and adequate and in the best interest of the Class and whether the proposed settlement represents a fair and reasonable resolution of the claims made in the Lawsuit. The Court will also determine whether the Final Approval Order should be entered, thereby dismissing the claims against Defendant with prejudice and releasing the Settled Claims against the Defendant. The Final Fairness Hearing described herein may be postponed, adjourned, or continued by journalized order of the Court without further notice to the Class Members. Attendance at the Final Fairness Hearing is not required and Class Members need not take any other action to indicate their approval of the proposed Settlement Agreement. Any Class Members who object to the settlement must submit an Objection pursuant to paragraph 6 above.

9. <u>Effect of Termination</u>. If the Court declines to enter the Final Approval Order as described herein then the settlement shall be null and void, shall have no further force and effect with respect to any Party in this case or any member of the Class, and neither the Settlement Agreement nor any of its terms shall be used in this case or any other case for any purpose.

SO ORDERED.

Dated: \_\_May 20_____, 2021

/s Michael R. Barrett
_____
Michael R. Barrett
United States District Judge

15076155_1.docx