# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| **BRIAN EMCH, on behalf of himself and all others similarly situated,** : | |
| : | Case No.: 1:17-cv-856 |
| Plaintiff, : | |
| : | Judge Michael R. Barrett |
| vs. : | |
| : | |
| **COMMUNITY INSURANCE COMPANY d/b/a COMMUNITY BLUE CROSS AND BLUE SHIELD,** : | |
| : | |
| Defendant. : | |

## PLAINTIFF'S MOTION AND MEMORANDUM IN SUPPORT OF FINAL APPROVAL OF CLASS SETTLEMENT, CLASS REPRESENTATIVE AWARD AND ATTORNEYS' FEES AND EXPENSES

Plaintiff Brian Emch moves this Court for Final Approval of Class Settlement, Class Representative Award and Attorneys' Fees and Expenses and submits following brief in support. A proposed Final Order is filed with this Motion and Memorandum.

Dated: July 22, 2021.

Respectfully submitted,

 */s/ Robert R. Sparks*
Robert R. Sparks (Ohio 0073573)
**STRAUSS TROY CO., LPA**
150 E. Fourth Street, 4th Floor
Cincinnati, Ohio 45202
Telephone No.: (513) 621-2120
Facsimile No.: (513) 241-8259
Email: *rrsparks@strausstroy.com*

Jordan Lewis (Fl. Bar No. 97997)
**JORDAN LEWIS, P.A.**
4473 N.E. 11th Avenue
Fort Lauderdale, FL  33334
Telephone:  (954) 616-8995
Facsimile:  (954) 206-0374
Email:  *Jordan@jml-lawfirm.com*

*Counsel for Plaintiff and the Class*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **BRIAN EMCH, on behalf of himself and all others similarly situated,** | : : | Case No.: 1:17-cv-856 |
| Plaintiff, | : : | Judge Michael R. Barrett |
| vs. | : : : | |
| **COMMUNITY INSURANCE COMPANY d/b/a COMMUNITY BLUE CROSS AND BLUE SHIELD,** | : : : : | |
| Defendant. | : : | |

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT, CLASS REPRESENTATIVE AWARD AND ATTORNEYS' FEES AND EXPENSES

### I.  INTRODUCTION

"Once preliminary approval has been granted, a class action settlement is presumptively reasonable, and an objecting class member must overcome a heavy burden to prove that the settlement is unreasonable."[1]  "[T]he law generally favors and encourages the settlement of class actions."[2]

---

[1] *Levell v. Monsanto Research Corp.*, 191 F.R.D. 543, 550 (S.D. Ohio 2000) (citing *Williams v. Vukovich*, 720 F.2d 909, 921 (6th Cir. 1983)).

[2] *In re Nationwide Fin. Servs. Litig.*, 2009 U.S. Dist. LEXIS 169962, at *3 (S.D. Ohio Aug. 18, 2009) (citing *Franks v. Kroger Co.*, 649 F.2d 1216, 1224 (6th Cir. 1981); *see also Bailey v. AK Steel Corp.*, 2008 U.S. Dist. LEXIS 16704 (S.D. Ohio Feb. 21, 2008) (In making this determination, the Court evaluates the proposed class action settlement in light of the general federal policy favoring the settlement of class actions).

To approve a proposed settlement, it must be "fair, adequate and reasonable."[3] In considering whether a settlement is fair, adequate and reasonable, the trial court considers the following factors: (1) reaction of absent class members; (2) amount of discovery engaged in by the parties; (3) likelihood of success on the merits; (4) the risk of fraud or collusion; (5) the complexity, expense and likely duration of the litigation; (6) the opinions of class counsel and class representative; (7) the reaction of absent class members; and (8) the public interest.[4]

The settlement here easily satisfies these factors. The Court should approve the settlement in its entirety.

## II. BACKGROUND

**A.  Case history**

This case dates back to December 20, 2017 when Brian Emch filed a two-count ERISA lawsuit that alleged that defendant Community Insurance Company violated the Ohio mental health parity law, O.R.C. §3923.281, where its certificates of coverage excluded from coverage all services rendered at residential treatment centers for biologically based mental illness though there was no similar exclusion for comparable medical/surgical services.

On June 22, 2018, Community filed a motion to dismiss the Complaint in its entirety. The parties fully briefed that motion and, on October 25, 2019, the Court

---

[3] *Huguley v. Gen. Motors Corp.*, 1991 U.S. App. LEXIS 2993, at *9 (6th Cir. Feb. 22, 1991).
[4] *Poplar Creek Dev. Co. v. Chesapeake Appalachia, L.L.C.*, 636 F.3d 235, 244 (6th Cir. 2011) (quoting *UAW v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007)).

denied the motion to dismiss.[5] Thereafter, the parties engaged in discovery relating to class certification and, subsequently, undertook settlement discussions. After direct negotiations between counsel for the parties, an agreement was reached for the settlement of this matter on a classwide basis subject to documentation of that settlement agreement by the parties.

**B.     Settlement negotiations**

At all times, the negotiations to settle this matter were conducted at arm's length between counsel for both parties. Before the settlement discussions, Community produced information regarding the size of the class of persons falling within plaintiff's class definitions and the parties exchanged written summaries of their settlement positions and demands. During these discussions, the parties did not discuss the amount of attorney fees or incentive awards for the class representative until after the parties reached agreement on the material terms of payments directly to class members.

Thereafter, negotiations took place about the amount of the incentive award for the plaintiff, and the amount of attorney fees which Community would not oppose to be awarded class counsel, subject to approval by the Court.

**C.     The settlement agreement**

On behalf of the class members involved in this action, Community has agreed to create a fund totaling $200,000. No part of this fund reverts to Community. The

---

[5] *Emch v. Cmty. Ins. Co.*, 2019 U.S. Dist. LEXIS 184682 (S.D. Ohio Oct. 25, 2019).

3

settlement fund is to be used to provide settlement to class members and pay attorney fees, costs, and incentive awards approved by the Court.

The net settlement fund will be distributed to class members. That fund is expected to total $137,500. Community has identified 10 class members who had claims denied by Community for mental health treatment at residential treatment centers for biologically based mental illness. The total amount submitted by these members or billed by their providers to Community for treatment at a residential treatment facility is $651,565. But that dollar figure represents more than "100 cents on the dollar" recovery, as it doesn't account for deductibles, coinsurance, copayments and balanced billing, all of which shift, by contract, RTC expenses from Community to class members.

Emch's case is illustrative. Emch's RTC was not in-network. Under his plan, non-network claims are subject to "30% Coinsurance." In addition, the amount billed by the RTC is also subject to copayments, deductibles, and out-of-pocket limits specified in the policy. Deductibles and out-of-pocket limits for non-network services are double the amount for in-network services. Finally, benefits for covered services like residential treatment are also limited to the Maximum Allowable Amount for the given service. This can be an amount less than the amount billed by the provider.

Accounting for these factors reduces the "100 cents on the dollar" class recovery to, probably, no more than $320,000. The class recovery of $200,000 compares favorably – about 63% - with the maximum amount that class members could expect to receive if completely successful on the merits.

The net settlement amount will be distributed directly to class members without the need to complete any claim forms. Each class member will be paid their *pro rata* share of the settlement amount.

Class representative Emch seeks an award of $2,500. Class counsel has agreed to apply to the Court for approval of attorneys' fees and costs not to exceed $60,000.

Any funds remaining from uncashed settlement checks after 120 days following payments to class members shall be disbursed as a *cy pres* award to Alcoholics Anonymous.

**D.     Preliminary approval and class notice**

On May 19, 2021, the Court preliminarily approved the settlement. Since then, plaintiff's counsel has mailed class notices to all 10 class members. Not one class member objected to the proposed settlement.

### III.     THE SETTLEMENT IS FAIR, REASONABLE, AND ADEQUATE

Under the law, the proposed settlement is fair, reasonable and adequate.

**A.     The reaction of absent class members.**

No class members have objected to or opted out of the proposed settlement. The lack of any meaningful objection to the settlement provides powerful evidence of the fairness of the proposed settlement.[6] The lack of any objection by a class member is compelling evidence of the fairness, reasonableness and adequacy of the Settlement.

---

[6] *Brotherton v. Cleveland*, 141 F. Supp.2d 894, 906 (S.D. Ohio 2001) ("[A] relatively small number of class members who object is an indication of a settlement's fairness.") (citing 2 Herbert Newberg & Alba Comte, *Newberg on Class Actions*, § 11.48 (3d ed. 1992)); *In re Art Materials Antitrust Litig.*, 100 F.R.D. 367, 372 (E.D. Ohio 1983) (noting that the

5

B.     **Plaintiff conducted an extensive investigation**

"To insure that Plaintiff has had access to sufficient information to evaluate her cases and to assess the adequacy of the proposed Settlement [Agreement], the stage of the proceedings and the discovery must be considered."[7]

As the Court is aware, the parties have litigated this case since its inception. Initially, the parties briefed and argued a complex Motion to Dismiss. Following the Court's decision on that motion, the parties engaged in formal and informal discovery. Further, class counsel has extensive experience in complex litigation and are familiar with the factual and legal issues in this case and the strengths and weaknesses of the positions of the parties. In short, nothing in the settlement negotiations or the substance of the settlement itself raises any doubt as to its fairness. Rather, the arm's-length nature of the negotiations and the participation of experienced attorneys throughout the litigation supports approval of the proposed settlement.

C.     **Likelihood of success on the merits**

"The most important of the factors to be considered in reviewing a settlement is the probability of success on the merits. The likelihood of success, in turn, provides a gauge from which the benefits of the settlement must be measured."[8]

---

overwhelming approval of a proposed settlement by class members "is entitled to nearly dispositive weight in this court's evaluation of the proposed settlement.").
[7] *In re Nationwide Fin. Servs. Litig.*, 2009 U.S. Dist. LEXIS 169962, at *13 (S.D. Ohio Aug. 18, 2009).
[8] *Poplar Creek Dev. Co.*, 636 F.3d at 245 (quoting *In re Gen. Tire & Rubber Co. Sec. Litig.*, 726 F.2d 1075, 1086 (6th Cir. 1984)).

6

Emch's Complaint was vigorously defended by Community. Both parties faced the prospect of extended litigation, with only a minimal possibility of additional relief. Under the terms of the proposed settlement, the class is receiving approximately 60-cents-on-the-dollar recovery. Accounting for the time-value of money, even a complete win would only come after years of additional litigation, necessarily reducing the value of that recovery. And that assumes that Emch ultimately prevails, which is no certainty.

**D.      There is no risk of fraud or collusion**

Courts presume the absence of fraud or collusion in class action settlements unless there is evidence to the contrary.[9] The settlement is the product of arm's-length, good faith settlement negotiations. The parties engaged in months of arm's-length settlement discussions. There is no suggestion – much less evidence -- of fraud or collusion in this case and this factor supports final approval.

**E.      Continued litigation would be complex, lengthy, and expensive.**

"Generally speaking, '[m]ost class actions are inherently complex and settlement avoids the costs, delays, and multitude of other problems associated with them.'"[10] This action is no exception, and this factor also weighs heavily in favor of finding the settlement fair and reasonable.

---

[9] *In re Telectronics Pacing Sys.*, 137 F. Supp.2d 985, 1016 (S.D. Ohio 2001) (*citing* Herbert Newberg & Alba Conte, *Newberg on Class Actions* §11.51 (3d ed. 1992)) ("Courts respect the integrity of counsel and presume the absence of fraud or collusion in negotiating the settlement, unless evidence to the contrary is offered.").

[10] *In re Telectronics Pacing Sys., Inc.*, 137 F. Supp. 2d 985, 1013 (S.D. Ohio 2001) *decision clarified*, 148 F. Supp.2d 936 (S.D. Ohio 2001) (quoting *In re Austrian & German Bank Holocaust Litig.*, 80 F. Supp.2d 164, 174 (S.D.N.Y. 2000)).

Absent settlement, class members would have little hope of obtaining relief while this action remained pending for several more years and involved proceedings in this Court and, likely, through appeals. In addition, absent settlement the parties would have undoubtedly engaged in additional discovery and motion practice. If the litigation continued, the parties would have pursued additional fact discovery, depositions, and possibly, expert discovery. Thus, continued litigation would undoubtedly require additional months – or years -- of discovery and continued motion practice even in advance of any trial or hearing, which itself would be complex, expensive, and require further delays. The settlement obviates that delay and these expenses. It also advances the resolution of this action at an appropriate stage and provides meaningful relief to class members.

**F.     The opinions of class counsel and the class representative**

Experienced counsel recommends that the Court approve the settlement agreement and this recommendation is entitled to deference.[11]

Combined, Class Counsel has extensive experience in health care litigation specifically and class action litigation generally. Emch approved the settlement agreement. Based upon their respective experience in handling cases such as this one, class counsel are well-suited to determine the need and the value of settling litigation such as this action.

---

[11] *See e.g., Williams v. Vukovich*, 720 F.2d 909, 922 (6th Cir. 1983) ("The court should defer to the judgment of experienced counsel who has competently evaluated the strength of his proofs[,]" and that deference "should correspond to the amount of discovery completed and the character of the evidence uncovered.").

## G. The public interest

The public interest also favors approval of the settlement. First, "[t]here is a strong public interest in encouraging settlement of complex litigation and class action suits because they are 'notoriously difficult and unpredictable' and settlement conserves judicial resources."[12] Second, the settlement ends potentially long and protracted litigation and frees judicial resources.[13]

The evidence to support each of the fairness factors is compelling. Accordingly, the proposed settlement warrants this Court's final approval.

## IV. THE CLASS REPRESENTATIVE AWARD SHOULD BE APPROVED

Class representative awards are payments that are intended to cover the time and money that Class Representative spends fulfilling his responsibilities. Courts approving incentive awards "have stressed that incentive awards are efficacious ways of encouraging members of a class to become Class Representative and rewarding individual efforts taken on behalf of the class."[14] "Yet applications for incentive awards are scrutinized carefully by courts who sensibly fear that incentive awards may lead named plaintiffs to expect a bounty for bringing suit or to compromise the interest of the class for personal gain."[15] This is far from such a situation. Emch has consistently

---

[12] *In re Cardizem CD Antitrust Litig.*, 218 F.R.D. 508, 530 (E.D. Mich. 2003) (quoting *Granada Invs., Inc. v. DWG Corp.*, 962 F.2d 1203, 1205 (6th Cir. 1992)). *Accord In re Nationwide Fin. Servs. Litig.*, 2009 U.S. Dist. LEXIS 126962, at *22 (S.D. Ohio Aug. 18, 2009) ("[T]here is certainly a public interest in settlement of disputed claims that require substantial federal judicial resources to supervise and resolve.").
[13] *See In re Telectronics*, 137 F. Supp. 2d at 1025.
[14] *Hadix v. Johnson*, 322 F.3d 895, 897 (6th Cir. 2003).
[15] *Id.*

9

advocated on behalf of all class members and not solely in his own interests. Had Emch been motivated only by personal gain, he would have resolved this action on an individual basis and netted a significantly higher sum. He did not.

Courts in this Circuit have approved much higher incentive awards than the modest award sought here.[16] Emch will receive relief under the settlement in exactly the same manner as every other class member. The only difference is that he petitions the Court for an incentive award for his time and efforts in pursuing this action. The settlement is not conditioned on the approval of this or any other amount for Emch.

Relief afforded to the class is substantial and readily available. In fact, class members will receive a substantial cash payment without the need to complete any claim forms. The class representative award for Emch should be approved.

### V. THE PROPOSED FEES AND EXPENSES OF CLASS COUNSEL SHOULD BE APPROVED

No matter the standard under which their request for fees and expenses is reviewed, class counsel's request of $60,000 is reasonable.

In class actions, "[t]he starting point determining the amount of a reasonable attorney fee is the 'lodestar' amount, which is calculated by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate."[17] "Generally,

---

[16] *In re Polyurethane Foam Antitrust Litig.*, 168 F. Supp. 3d 985, 1000 (N.D. Ohio 2016) ("Because the representative Plaintiffs actively participated in this litigation, and considering the relatively small incentive awards . . . this Court grants each Plaintiff a $35,000 incentive award.").
[17] *Imwalle v. Reliance Med. Products, Inc.*, 515 F.3d 531, 551-52 (6th Cir. 2008) (*citing Hensley v. Eckerhart*, 461 U.S. 424 (1983)).

a strong presumption favors the prevailing lawyer's entitlement to his lodestar fee."[18] "Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee."[19]

"To arrive at a reasonable hourly rate, courts use as a guideline the prevailing market rate, defined as the rate that lawyers of comparable skill and experience can reasonably expect to command within the venue of the court of record."[20] Here, the agreed-upon fee is well within reasonable hourly rates in this area. Class Counsel has invested more than 203 hours into this litigation. The fee agreed to by class counsel equates to less than $300 per hour. That rate is significantly below market rates for this type of litigation. Counsel with comparable skill and experience have been awarded much higher rates for complex litigation in federal court.[21]

The agreed-upon attorney fee of $60,000 is reasonable and should be approved by this Court.

---

[18] *Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 350 (6th Cir. 2000) (internal citation and quotation marks omitted).
[19] *Hensley*, 461 U.S. at 435.
[20] *Geier v. Sundquist*, 372 F.3d 784, 791 (6th Cir. 2004).
[21] *See Lonardo v. Travelers Indem. Co.*, 706 F.Supp.2d 766 (N.D. Ohio 2010) (awarding rates up to $825 per hour in case of "complex civil litigation" when lawyers brought "experience and expertise . . . in this particular area of law"); *Hunter v. Hamilton Cty Bd. of Elec.*, 2013 WL 5467751 *17 (S.D. Ohio Dep. 30, 2013) (noting that court awarded rates up to $500 in 2009 and 2010); *U.S. ex rel. Ellison v. Visiting Physicians Ass'n, P.C.*, 2010 WL 2854137 (S.D. Ohio July 19, 2010) (awarding rates of up to $500 per hour); *Project Vote*, 2009 WL 917737 at *14 (N.D. Ohio Mar. 31, 2009) (awarding $450 per hour).

## VI. CONCLUSION

Emch has satisfied all the tests. The settlement should be finally approved along with the requested class representative award and attorneys' fees.

Dated: July 22, 2021.   Respectfully submitted,

 */s/ Robert R. Sparks*
Robert R. Sparks (Ohio 0073573)
STRAUSS TROY CO., LPA
150 E. Fourth Street, 4th Floor
Cincinnati, Ohio 45202
Telephone No.: (513) 621-2120
Facsimile No.: (513) 241-8259
Email: *rrsparks@strausstroy.co*m

Jordan Lewis (Fl. Bar No. 97997)
JORDAN LEWIS, P.A.
4473 N.E. 11th Avenue
Fort Lauderdale, FL 33334
Telephone: (954) 616-8995
Facsimile: (954) 206-0374
Email: *Jordan@jml-lawfirm.com*

*Counsel for Plaintiff and the Class*

## CERTIFICATE OF SERVICE

I hereby certify that on July 22, 2021, a copy of the foregoing was filed electronically with the Court's CM/ECF system. Notice of this filing will be sent by operation of the Court's CM/ECF system to all parties indicated on the electronic filing receipt. This filing may be accessed through the Court's CM/ECF system.

*/s/ Robert R. Sparks*
Robert R. Sparks (Ohio 0073573)

15321591.4